Oscar Campos, Fl Bar No: 1015251
*Admitted Pro Hac Vice*
ocampos@epgdlaw.com
EPGD ATTORNEYS AT LAW P.A.
777 Southwest 37th Avenue, Suite 510
Miami, FL 33135
Phone: (786) 837-6787

Aaron J. Bell, OSB No. 871649
ajb@buckley-law.com
BUCKLEY LAW, P.C.
Phone: (503) 682-8900

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### EUGENE DIVISION

| | |
|---|---|
| CHAD BARNES, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>v.<br><br>LIVE STREAM TECHNOLOGY SERVICES INC.<br><br>     Defendant. | Case No. 6:25-cv-1469<br><br>**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL** |

## ANSWER

Defendant Live Stream Technology Services, Inc. ("Live Stream"), pursuant to Fed. R. Civ. P. 12(a), submits its Answer to Plaintiff Chad Barnes's ("Barnes" and/or "Plaintiff") Complaint [ECF No. 1]; pursuant to Fed. R. Civ. P. 8(b)-(c), and 12(b), submits its Affirmative Defenses and Other Defenses to the Complaint; and, pursuant to Fed. R. Civ. P. 38 submits its demand for jury trial.

**Page 1 – DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

Live Stream responds by denying each and every allegation not specifically admitted, denying the characterization in each and every heading in the Complaint, and by responding specifically to the numbered paragraphs of the Complaint as follows:

**1.**

Live Stream admits that Barnes purports to bring claims under the TCPA but denies that Barnes is entitled to any relief. All other allegations in Paragraph 1 are denied.

**2.**

Live Stream denies the allegations in paragraph 2.

**3.**

Live Stream admits that Barnes purports to bring claims under the TCPA for damages and injunctive relief but denies that Barnes is entitled to any relief. All other allegations in Paragraph 3 are denied.

**4.**

Live Stream does not contest venue but denies the allegations in Paragraph 4 and demands strict proof thereof.

**5.**

Live Stream is without knowledge as to the allegations in Paragraph 5 and therefore denies the same.

**6.**

Live Stream denies that Florida is Live Stream's principal place of business.

**7.**

Live Stream is without knowledge as to the allegations in Paragraph 7 and therefore denies the same.

**Page 2 – DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

**8.**

Live Stream is without knowledge as to the allegations in Paragraph 8 and therefore denies the same.

**9.**

Live Stream is without knowledge as to the allegations in Paragraph 9 and therefore denies the same.

**10.**

Live Stream is without knowledge as to the allegations in Paragraph 10 and therefore denies the same.

**11.**

Live Stream is without knowledge as to the allegations in Paragraph 11 and therefore denies the same.

**12.**

Live Stream is without knowledge as to the allegations in Paragraph 12 and therefore denies the same.

**13.**

Live Stream is without knowledge as to the allegations in Paragraph 13 and therefore denies the same.

**14.**

Live Stream is without knowledge as to the allegations in Paragraph 14 and therefore denies the same.

/////

/////

**Page 3 – DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

**15.**

Live Stream is without knowledge as to the allegations in Paragraph 15 and therefore denies the same.

**16.**

Live Stream is without knowledge as to the allegations in Paragraph 16 and therefore denies the same.

**17.**

Live Stream is without knowledge as to the allegations in Paragraph 5 and therefore denies the same.

**18.**

Live Stream admits sending texts to Plaintiff but denies that these communications were unlawful.

**19.**

Live Stream states that the text entries speak for themselves.

**20.**

Live Stream admits sending texts to Plaintiff but denies that these communications were unlawful. All other allegations in Paragraph 20 are denied.

**21.**

Live Stream is without knowledge as to the allegations in Paragraph 21 and therefore denies the same.

**22.**

Live Stream denies the allegations in paragraph 22.

/////

**Page 4 – DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

**23.**

Live Stream denies the allegations in paragraph 23.

**24.**

Live Stream denies the allegations in paragraph 24.

**25.**

Live Stream denies the allegations in paragraph 25.

**26.**

Live Stream denies the allegations in paragraph 26.

**27.**

The cited rules speak for themselves.

**28.**

The cited rules speak for themselves.

**29.**

Live Stream denies the allegations in paragraph 29.

**30.**

Live Stream is without knowledge as to the allegations in Paragraph 30 and therefore denies the same.

**31.**

Live Stream denies the allegations in paragraph 31.

**32.**

Live Stream is without knowledge as to the allegations in Paragraph 32 and therefore denies the same.

/////

**Page 5 – DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

**33.**

Live Stream is without knowledge as to the allegations in Paragraph 33 and therefore denies the same.

**34.**

Live Stream denies the allegations in paragraph 34.

**35.**

Live Stream admits that it sent texts and calls to Plaintiff but denies that these communications were illegal and that Plaintiff is able to establish a class action.

**36.**

Live Stream admits that it sent texts and calls to Plaintiff but denies that these communications were illegal and that Plaintiff is able to establish a class action.

**37.**

Live Stream denies the allegations in paragraph 37.

**38.**

Live Stream is without knowledge as to the allegations in Paragraph 38 and therefore denies the same.

**39.**

Live Stream is without knowledge as to the allegations in Paragraph 39 and therefore denies the same.

**40.**

Live Stream is without knowledge as to the allegations in Paragraph 40 and therefore denies the same.

/////

**Page 6 – DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

**41.**

Live Stream is without knowledge as to the allegations in Paragraph 41 and therefore denies the same.

**42.**

Live Stream is without knowledge as to the allegations in Paragraph 42 and therefore denies the same.

**43.**

Live Stream is without knowledge as to the allegations in Paragraph 43 and therefore denies the same.

**44.**

Live Stream is without knowledge as to the allegations in Paragraph 44 and therefore denies the same.

**45.**

Live Stream is without knowledge as to the allegations of in Paragraph 45, including subsections (a)-(d), regarding whether questions of law and fact are common amongst the proposed class and therefore denies the same; Defendant further denies that any communications with Plaintiff were illegal and that Plaintiff is able to establish a class action.

**46.**

Live Stream denies the allegations in paragraph 46.

**47.**

Live Stream denies the allegations in paragraph 47.

/////

/////

**Page 7 – DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

**48.**

Live Stream is without knowledge as to the allegations in Paragraph 48 and therefore denies the same.

**49.**

Live Stream is without knowledge as to the allegations in Paragraph 49 and therefore denies the same.

**50.**

Live Stream is without knowledge as to the allegations in Paragraph 50 and therefore denies the same.

**51.**

Live Stream denies that Live Stream violated the TCPA and that any class exists, and no damages has been suffered by the proposed class as a result. All other allegations in Paragraph 51 are denied.

**52.**

Live Stream denies the allegations in paragraph 52.

**53.**

Live Stream is without knowledge as to the allegations in Paragraph 53 and therefore denies the same.

**54.**

Live Stream admits that Barnes purports to bring claims under the TCPA for damages and injunctive relief but denies that Barnes is entitled to any relief. All other allegations in Paragraph 54 are denied.

/////

**Page 8 – DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

**55.**

Live Stream re-asserts its responses to the prior Paragraphs 1-54.

**56.**

The cited FCC Ruling and regulations speaks for themselves.

**57.**

The cited cases and the Telephone Consumer Protection Act speak for themselves.

**58.**

The cited regulations speak for themselves.

**59.**

The cited statutes and regulations speak for themselves.

**60.**

The cited statutes and regulations speak for themselves.

**61.**

Live Stream denies the allegations in paragraph 61.

**62.**

Live Stream denies the allegations in paragraph 62.

**63.**

Live Stream denies the allegations in paragraph 63.

## LIVE STREAM'S AFFIRMATIVE DEFENSES

The following defenses are based on Live Stream's knowledge, information, and belief at this time. By setting forth these defenses, Live Stream does not assume the burden of proving any fact, issue or element of a cause of action where such a burden properly belongs to Plaintiff.

/////

**Page 9 – DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

## FIRST AFFIRMATIVE DEFENSE

(Calls Not "Telemarketing" or "Advertising")

**64.**

The phone calls allegedly made to Barnes were not "telemarketing" or "advertising" and as such, Barnes's prior express invitation or permission was not required under the TCPA.

## SECOND AFFIRMATIVE DEFENSE

(Established Business Relationship)

**65.**

Barnes's claims are barred, in whole or in part, to the extent she maintained an established business relationship with the caller.

## THIRD AFFIRMATIVE DEFENSE

(Estoppel)

**66.**

Barnes's claims are barred, in whole or in part, by her own conduct, actions, and inactions, which amount to and constitute an estoppel of all claims and relief sought.

## FOURTH AFFIRMATIVE DEFENSE

(Express Consent)

**67.**

Plaintiff is not entitled to relief since she expressly consented to calls and texts by signing one or more of Live Stream's online forms, and/or read and agreed to Live Stream's terms and conditions.

/////

/////

**Page 10 – DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

**68.**

To the extent that Barnes suffered any damages, Barnes failed to take any and all reasonable actions to avoid or reduce their damages, and any damages awarded to them must be reduced accordingly.

## SIXTH AFFIRMATIVE DEFENSE

**69.**

Good Faith. Barnes's claims are barred, in whole or in part, by Live Stream's good faith. Live Stream reasonably believed it had consent to make calls to the numbers of any customers who consented to such communications.

## SEVENTH AFFIRMATIVE DEFENSE

### (Laches)

**70.**

Plaintiff's and the putative classes' claims are barred, in whole or in part, by the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

### (No Proximate Cause)

**71.**

Live Stream did not proximately cause any damage, injury or violation alleged in the Complaint.

/////

/////

**Page 11 – DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

## NINTH AFFIRMATIVE DEFENSE

(Not Willful)

**72.**

The conduct and/or violations of the law alleged against Live Stream are not sufficient to be "willful." To the extent any violation of the TCPA occurred, it resulted from a bona fide error, notwithstanding procedures reasonably adapted to avoid such error, and therefore, was not willful or knowing.

## TENTH AFFIRMATIVE DEFENSE

(Prior Express Invitation or Permission)

**73.**

Barnes is barred from asserting her claims because she provided Live Stream with the requisite "prior express invitation or permission" to receive telephone calls and text messages of the type about which the Complaint complains.

## ELEVENTH AFFIRMATIVE DEFENSE

(Ratification)

**74.**

Barnes's claims are barred, in whole or in part, by the doctrine of ratification and because Barnes acquiesced to any conduct engaged in by Live Stream.

## TWELFTH AFFIRMATIVE DEFENSE

(Reasonable Reliance)

**75.**

Barnes's claims are barred in whole or in part to the extent Live Stream reasonably relied on the consent of the intended call recipients.

**Page 12 – DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

## THIRTEENTH AFFIRMATIVE DEFENSE

(Response to Customer Inquiry/Request)

**76.**

Barnes's claims are barred, in whole or in part, to the extent that the calls at issue were made in response to a customer inquiry, or request to be called.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Informational)

**77.**

The communications with Plaintiff and the alleged class were solely informational.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Safe Harbor)

**78.**

The claims of Plaintiff and the putative class are barred, in whole or in part, by the TCPA's "Safe Harbor" provision or other "Safe Harbor" defenses. Live Stream's actions are protected by the TCPA's statutory safe harbor provision, 47 C.F.R. § 64.1200(c)(2), because Live Stream's conduct meets the standards set forth by that provision.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

**79.**

To the extent that the claims of Barnes or any members of the putative classes arose prior to the applicable prescriptive or statutory period, those claims are barred, in whole or in part, by the statute of limitations.

/////

**Page 13 – DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

**80.**

Barnes is barred from asserting her claims, in whole or in part, to the extent they are subject to the doctrine of unclean hands.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

**81.**

Barnes's claims are barred by the doctrine of waiver.

## NINTEENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

**82.**

Injunctive, equitable, and/or declaratory relief is inappropriate because Barnes has an adequate remedy at law.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Available Caller ID)

**83.**

Plaintiff is not entitled to relief for their Caller ID claims since Live Stream's outbound phone number, name, and phone number to receive calls was made available to Plaintiff for any short form texts. Otherwise, Plaintiff knew that Live Stream was associated with any short form texts, and knew phone numbers to contact Live Stream, therefore Plaintiff was unharmed by any missing Caller ID.

/////

**Page 14 – DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(Business Number)

**84.**

Barnes's claims are barred in whole or in part to the extent their numbers are business numbers, not residential numbers, to which the TCPA regulations at issue do not apply.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(Failure to Join all Necessary Parties)

**85.**

Barnes's claims are barred to the extent she has failed to join all necessary parties.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(Failure to State a Claim for Injunctive Relief)

**86.**

Barnes has failed to state a claim for injunctive relief.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Failure to State a Claim for Declaratory Relief)

**87.**

Barnes has failed to allege facts from which it appears there is a substantial likelihood she will suffer injury in the future.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Non-Delegation Doctrine)

**88.**

The TCPA represents an unconstitutional delegation of authority from Congress and is unenforceable pursuant to the non-delegation doctrine.

Page 15 – DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

(No Private Right of Action)

**89.**

There is no private right of action for the sections of the TCPA under which Barnes has sued Live Stream.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Mobile Phones)

**90.**

To the extent that the sections of the TCPA at issue do not apply to mobile / cellular phones, Barnes's claims fail.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(Negligence)

**91.**

Barnes's claims are barred because her alleged damages are the result of her own negligence.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

(No ATDS or Prerecorded Voice)

**92.**

The phone calls allegedly made to Plaintiff and any members of the putative classes were not sent using an automatic telephone dialing system or prerecorded voice.

/////

/////

/////

**Page 16 – DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

## THIRTIETH AFFIRMATIVE DEFENSE

### (No Ascertainability)

**93.**

Plaintiff may not maintain this lawsuit as a class action because the classes cannot be readily ascertained through Live Stream's records or any other means.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (No Administrative Feasibility)

**94.**

Plaintiff's class definition does not contain objective criteria that allow for class members to be identified in an administratively feasible way.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (No Numerosity)

**95.**

Plaintiff may not maintain this lawsuit as a class action because the actual class is not sufficiently numerous.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (No Typicality)

**96.**

Plaintiff may not maintain this lawsuit on behalf of a class because there is not a sufficient nexus between the claims of Plaintiff and those of the classes at large.

/////

/////

/////

**Page 17 – DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (No Actual Harm)

### 97.

The claims of Plaintiff and the putative classes are barred in whole or in part because they have not been harmed by any alleged acts of Live Stream.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (No Liability for Left Message)

### 98.

Plaintiff's claims are barred in whole or in part to the extent there is no liability for calls to residential lines where the called party did not suffer any disruption or interruption at the time of the call.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (No Relief under 47 U.S.C. § 227(c)(5))

### 99.

Plaintiff and the putative classes are not entitled to relief under 47 U.S.C. § 227(c)(5), because Live Stream did not make any alleged telephone solicitations to them on their residential telephone lines.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Outside Quiet Hours)

### 100.

Plaintiff is not entitled to relief as all texts and calls from Live Stream were received between 8 a.m. and 9 p.m. in Plaintiff's local time. Otherwise, Plaintiff was never alerted by the texts or calls from Live Stream during the Quiet Hours, and was therefore unharmed.

Page 18 – DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

(Plaintiff not a Residential Telephone Subscriber under 47 U.S.C. § 227(c))

### 101.

Plaintiff's cell phone does not qualify as a "residential telephone subscriber" under the plain meaning of 47 U.S.C. § 227(c), therefore her claims under this subsection cannot be maintained.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

(Standing)

### 102.

Barnes lacks standing to assert the claims alleged in the Complaint.

## FOURTIETH AFFIRMATIVE DEFENSE

(Suit May Not Proceed as a Class Action)

### 103.

Live Stream alleges that Plaintiff may not maintain this lawsuit as a class action because her purported claim is not sufficiently typical or representative of those of the putative classes, her purported claim is adverse to the interests of the members of the putative classes, there are no questions of law or fact common the putative classes, common issues of fact and law do not predominate over individual issues, proof particular to each putative class member's claims and defenses thereto will vary widely, damages cannot be wide basis, the putative class representative will not adequately represent the putative classes, and a class action is not a manageable or superior method for adjudicating the purported claims set forth in the Complaint.

/////

/////

**Page 19 – DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

## FOURTY-SECOND AFFIRMATIVE DEFENSE

(TCPA Unconstitutional)

**104.**

The TCPA violates the First Amendment, Fifth Amendment, Sixth Amendment, Eighth Amendment, Fourteenth Amendment and Article I to the United States Constitution, and are unconstitutional under state law.

## FOURTY-THIRD AFFIRMATIVE DEFENSE

(Freedom of Speech)

**105.**

Any communications with Plaintiff and the alleged class members is protected by free speech, association, and due process protections of the U.S. and Florida Constitutions, including protection of commercial speech. Any communications with the Plaintiff and the alleged class are not subject to liability because they were not false, deceptive, misleading, and did not result in any loss. As a result, there is no lawful basis to which to restrict such communications and any requirement for prior written notice violates free speech.

## FOURTY-FOURTH AFFIRMATIVE DEFENSE

(Text Messages are not "Calls" under 47 U.S.C. § 227(b))

**106.**

Plaintiff is not entitled to relief for her TCPA auto dialer claims, since text messages are not "calls" under the plain meaning of the TCPA.

/////

/////

/////

**Page 20 – DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

## FOURTY-FIFTH AFFIRMATIVE DEFENSE

(Text Messages are not "Telephone Solicitations" under 47 U.S.C. § 227(c))

### 107.

Plaintiff is not entitled to relief for her claims under 47 U.S.C. § 227(c), since text messages are not a "call or message" under the plain meaning of 47 U.S.C. § 227(a)(3).

## FOURTY-SIXTH AFFIRMATIVE DEFENSE

(Unjust Enrichment)

### 108.

Barnes's claims are barred because Barnes would be unjustly enriched if allowed to recover all or any part of the damages or remedies alleged in the Complaint.

## FOURTY-SEVENTH AFFIRMATIVE DEFENSE

(Unreasonable Revocation of Consent)

### 109.

Plaintiff's text messages to Live Stream did not revoke their prior express consent to receive calls and texts from Live Stream, since Plaintiff did not use the language listed by Live Stream to revoke consent, and the language in Plaintiff's texts did not otherwise reasonably communicate that Plaintiff desired to revoke their consent.

## DEMAND FOR JURY TRIAL

### 110.

Pursuant to Federal Rule of Civil Procedure 38, Live Stream demands a trial by jury of any and all triable issues.

/////

/////

**Page 21 – DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

**LIVE STREAM'S PRAYER FOR**

**RELIEF AS TO BARNES'S COMPLAINT**

Wherefore, with respect to Barnes's Complaint, Live Stream respectfully requests that this Court enter judgment in its favor and against Plaintiff as follows:

A.    Ordering that Barnes shall receive no relief and shall take nothing by this action;

B.    Awarding Live Stream such attorneys' fees and costs as allowable by law; and,

C.    Granting Live Stream such other relief as the Court deems just and proper.

Dated this 14th day of October, 2025.

EPGD ATTORNEYS AT LAW P.A.
By:    */s/ Oscar A. Gomez*
Oscar A. Gomez, Fl Bar No: 58680
777 Southwest 37th Avenue, Suite 510
Miami, FL 33135
Phone:  (786) 837-6787
Email: oscar@epgdlaw.com
Attorneys For Defendant Live Stream Technology
Services Inc.

BUCKLEY LAW, P.C.
Aaron J. Bell, OSB No. 871649
ajb@buckley-law.com
Telephone:  (503) 682-8900
Attorneys for Defendant Live Stream Technology
Services Inc.

**Page 22 – DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF CHAD BARNES' COMPLAINT AND DEMAND FOR JURY TRIAL** on:

Andrew Roman Perrong                Anthony Paronich
2657 Mount Carmel Avenue            350 lincoln st., suite 2400
Glenside, PA 19038                  hingham, MA 02043
a@perronglaw.com                    anthony@paronichlaw.com
*Attorney for Plaintiff*            *Attorney for Plaintiff*

☐    by **MAILING** a full, true and correct copy thereof in a sealed, postage-paid envelope, addressed as shown above, and deposited with the U.S. Postal Service at Lake Oswego, Oregon, on the date set forth below;

☒    by sending a full, true and correct copy thereof to the part via **ELECTRONIC MAIL**, to the email address set forth above on the date set forth below.

☒    by electronic mailing through the Oregon Electronic Court Filing System in accordance with UTCR 21.100, on the date set forth below.

DATED this 14th day of October, 2025.

EPGD ATTORNEYS AT LAW P.A.

By:    /s/ Oscar Campos
       Oscar Campos, Fl Bar No: 1015251
       *Admitted Pro Hac Vice*
       777 Southwest 37th Avenue, Suite 510
       Miami, FL 33135
       Phone:  (786) 837-6787
       Email: ocampos@epgdlaw.com
       *Attorneys For Defendant*

**Page 1** – CERTIFICATE OF SERVICE